IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:11-CR-46-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BOBBY KEMONI LATRAE WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Greenville Police Department. The defendant presented the testimony of the proposed third-party custodian, the defendant's sister. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a six-count indictment on 4 May 2011 with: conspiracy to possess with the intent to distribute a quantity of cocaine from about 3 March 2010 to 15 April 2010 in violation of 21 U.S.C. § 846 (ct. 1); and distribution of a quantity of cocaine and aiding and abetting the same on or about 3 March 2010 (ct. 2), 10 March 2010 (ct. 3), 17 March 2010

(ct. 4), 7 April 2010 (ct. 5), and 15 April 2010 (ct. 6), all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The evidence presented at the hearing showed that the charges arise from five controlled purchases of cocaine by a confidential source from a co-conspirator of defendant on the offense dates alleged in counts 2 to 6. After his arrest, defendant admitted that he supplied the cocaine for each of the transactions. Telephone records and other evidence confirmed defendant's involvement in the offenses.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offense**s** charged, including the occurrence of all but one of the controlled buys and therefore defendant's participation in them while he was on probation (the second transaction coming a day after his 18-month term of probation was imposed), the multiplicity of the controlled purchases, and defendant's flight from arresting officers at the Pitt County Courthouse knowing they sought him on the instant federal charges (he was eventually caught and tackled outside the courthouse); defendant's criminal record, including a felony conviction and three misdemeanor convictions; the danger of continued drug-distribution offense conduct by defendant if released; defendant's mental health and alcohol abuse history; the unsuitability of the proposed third-party custodial arrangement due to the presence of minors in the proposed custodial home, the proposed custodian's work hours, and the extent of the risk of flight and danger presented by

defendant; and the other findings and reasons stated in open court. The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 29th day of October 2012.

_____
James E. Gates
United States Magistrate Judge

3
Case 4:11-cr-00046-D   Document 23   Filed 10/30/12   Page 3 of 3